Dykman, J.
This is an action for the recovery of damages for the unlawful conversion of personal property.
The plaintiff made loans of money to George Innis to be used in payment for certain dye woods and as collateral security for the payment of the promissory -notes of Innis to the plaintiff for the money so loaned; he delivered, the bill of lading of the wood to the plaintiff and also executed a bill of sale of the same to Conrad M. Jordan, the managing director of the plaintiff, in the plaintiff’s behalf. The wood was transported to the city of Poughkeepsie, by direction of Mr. Jordan, who appointed an agent to receive-the same, and it was received and stored by him, and never went into the rightful possession of Innis thereafter. This- *819 is a statement of the legal effect of the facts proven and found, but not a statement in detail. All this came to pass prior to the 28th day of July, 1884, when the defendant, who was .the sheriff of Dutchess county, seized so much of the wood as remained, by virtue of an execution against the property of George Innis, but a large quantity of the same had been improperly used by the firm of which George Innis was a member. Mr. Jordan executed an assignment of the bill of sale of the wood held by him to the plaintiff, and this action was thereupon commenced.
There is no evidence of a written assignment of the bills of lading to the bank, but they were delivered to the president under and in pursuance of an express agreement for the hypothecation of the goods mentioned therein as security for the loan. Neither does the form of the bills appear in the case, but they were lawfully acquired by the plaintiff for a valuable consideration, and under all the circumstances attending the transaction their delivery without indorsement constituted a valid transfer. Merchant’s Bank v. U. R. R. and T. Co., 69 N. Y., 373. Beyond the bills of lading, however, there was a bill of sale to Mr. Jordan for the benefit of the bank, and under it the wood went into his possession; so that the seizure of the same by the. defendant was while the possession was held for the bank,, under a perfect title, and therefore wrongful as against it.
Every element necessary to constitute a valid cause of action against the defendant in favor of the plaintiff is present, and the judgment should be affirmed, with costs.
Pratt, J., concurs; Barnard, P. J., not sitting.